B1 (Official Form 1)(12/11)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>Gibbard, Michael J. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Gibbard, Mary E. |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>xxx-xx-6177 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>xxx-xx-4074 |
| Street Address of Debtor (No. and Street, City, and State):<br>3324 Waukegan Rd.<br>McHenry, IL<br>ZIP Code 60050 | Street Address of Joint Debtor (No. and Street, City, and State):<br>3324 Waukegan Rd.<br>McHenry, IL<br>ZIP Code 60050 |
| County of Residence or of the Principal Place of Business:<br>McHenry | County of Residence or of the Principal Place of Business:<br>McHenry |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
| --- |

| Type of Debtor<br>(Form of Organization) (Check one box)<br><br>■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>□ Corporation (includes LLC and LLP)<br>□ Partnership<br>□ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | Nature of Business<br>(Check one box)<br><br>□ Health Care Business<br>□ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>□ Railroad<br>□ Stockbroker<br>□ Commodity Broker<br>□ Clearing Bank<br>■ Other | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)<br><br>■ Chapter 7<br>□ Chapter 9<br>□ Chapter 11<br>□ Chapter 12<br>□ Chapter 13<br><br>□ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>□ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| --- | --- | --- |

| Chapter 15 Debtors<br><br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable)<br><br>□ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br><br>□ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ■ Debts are primarily business debts. |
| --- | --- | --- |

| Filing Fee (Check one box)<br><br>■ Full Filing Fee attached<br><br>□ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>□ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>Check one box:<br>□ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>□ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>□ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>□ A plan is being filed with this petition.<br>□ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| --- | --- |

| Statistical/Administrative Information   *** David J. Schwab 6204333 ***<br>□ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
| --- | --- |

Estimated Number of Creditors

| ■ | □ | □ | □ | □ | □ | □ | □ | □ | □ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| □ | □ | □ | ■ | □ | □ | □ | □ | □ | □ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| □ | □ | □ | ■ | □ | □ | □ | □ | □ | □ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**B1 (Official Form 1)(12/11)** Page 2

| # Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Gibbard, Michael J.<br>Gibbard, Mary E. |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:  - None - | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>- None - | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| | *(To be completed if debtor is an individual whose debts are primarily consumer debts.)* |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X_____<br>   Signature of Attorney for Debtor(s)          (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)


_____
(Address of landlord)


☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(12/11)

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Gibbard, Michael J.<br>Gibbard, Mary E. |

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Michael J. Gibbard
Signature of Debtor  Michael J. Gibbard

**X** /s/ Mary E. Gibbard
Signature of Joint Debtor Mary E. Gibbard

Telephone Number (If not represented by attorney)

December 11, 2012
Date

### Signature of Attorney*

**X** /s/ David J. Schwab
Signature of Attorney for Debtor(s)

David J. Schwab 6204333
Printed Name of Attorney for Debtor(s)

Ralph, Schwab & Schiever, Chartered
Firm Name

175 East Hawthorn Parkway
Suite 345
Vernon Hills, IL 60061

Address

847-367-9699  Fax: 847-367-9621
Telephone Number

December 11, 2012
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

**X**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re  Michael J. Gibbard
       Mary E. Gibbard

Debtor(s)

Case No.

Chapter   7

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    /s/ Michael J. Gibbard
                             Michael J. Gibbard

Date:    December 11, 2012

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re    Michael J. Gibbard
       Mary E. Gibbard                     Case No. _____

                                   Debtor(s)       Chapter    7

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

 ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

 ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

 ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   /s/ Mary E. Gibbard
        Mary E. Gibbard

Date:   December 11, 2012

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re    Michael J. Gibbard,
      Mary E. Gibbard

Case No. _____

_____,
                                   Debtors

Chapter _____ 7 _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 257,300.00 | | |
| B - Personal Property | Yes | 6 | 446,332.18 | | |
| C - Property Claimed as Exempt | Yes | 4 | | | |
| D - Creditors Holding Secured Claims | Yes | 3 | | 580,671.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | 156,292.49 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 11,467.19 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 11,453.26 |
| Total Number of Sheets of ALL Schedules | | 27 | | | |
| Total Assets | | | 703,632.18 | | |
| Total Liabilities | | | | 736,963.49 | |

Best Case Bankruptcy

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re    Michael J. Gibbard,                                    Case No. _____
         Mary E. Gibbard

_____,    Chapter _____7_____
                                        Debtors

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

In re     Michael J. Gibbard,                                          Case No. _____
          Mary E. Gibbard
_____,
                        Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 3324 Waukegan Rd.<br>McHenry, IL 60050<br>Current value: $257,300.00 per Zillow | Tenancy By the Entirety | J | 257,300.00 | 523,034.14 |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Sub-Total > | 257,300.00 | (Total of this page) |
|  | Total > | 257,300.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                                   Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re    Michael J. Gibbard,                                          Case No. _____
         Mary E. Gibbard,

_____,
                                    Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Account - Account number ending 4913 Chase Bank 4302 W. Elm St. McHenry, IL 60050 | J | 2,200.00 |
| | | Money Market Account (Sweep Account) - Account number ending 2528 Wells Fargo 13308 Village Green Drive Huntley, IL 60142 | J | 1,600.00 |
| | | Savings Account - Account number ending 2519 Wells Fargo 13308 Village Green Drive Huntley, IL 60142 | J | 587.96 |
| | | Savings Account - Account number ending 8516 Baxter Credit Union 340 N. Milwaukee Ave. Vernon Hills, IL 60061 | J | 31.68 |
| | | Savings Account - Account number ending 3643 Baxter Credit Union 340 N. Milwaukee Ave. Vernon Hills, IL 60061 | J | 180.20 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |

|  | Sub-Total > | 4,599.84 |
|---|---|---|
| | (Total of this page) | |

__5__    continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    Michael J. Gibbard,      Case No. _____
         Mary E. Gibbard
_____,
                    Debtors

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Kitchen:<br>Dishes<br>Glassware<br>Flatware<br>Cookware<br>Bakeware<br>Blender<br>Coffee maker<br>Juicer<br>Bread machine<br>Mixer<br>Hand mixer<br>Table and chairs<br>China cabinet<br>China<br>Crystal<br><br>Living Room:<br>Couch<br>2 recliners<br>Table<br>Rug<br>TV and stand<br>Stereo<br>BluRay<br>Side tables<br>Lamps<br>Bar stools<br><br>Bedroom #1:<br>Bed<br>Dresser<br>Bed stands<br>Rocker<br>TV<br><br>Bedroom #2<br>Bed<br>Desk and chair<br>File cabinet<br>Rocker<br>Printer and stand<br>Crib<br><br>Loft:<br>Couch<br>Lamp<br>Entertainment center<br>TV<br>VCR<br>Computer hutch and chair<br>Linens<br>Cash register<br><br>Garage:<br>TV stand<br>Tools<br>Barbeque | J | 2,500.00 |

Sub-Total >         2,500.00
(Total of this page)

Sheet __1__ of __5__ continuation sheets attached
to the Schedule of Personal Property

**B6B (Official Form 6B) (12/07) - Cont.**

In re    Michael J. Gibbard,                     Case No. _____
        Mary E. Gibbard

                                                ,
                                     Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | CDs<br>Miscellaneous art | J | 250.00 |
| 6. Wearing apparel. | | Men's and women's clothing, coats and shoes | J | 500.00 |
| 7. Furs and jewelry. | | Men's wedding band<br>Woman's wedding set<br>Assorted semi-precious women's jewelry | J | 2,500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Golf clubs<br>SLR camera<br>Digital cameras<br>Tools | J | 500.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Term Life Insurance Policy<br>American Family Insurance<br>Beneficiary: Mary E. Gibbard<br>Assigned as Collateral to Devon Bank on June 25, 2009 | H | 0.00 |
| | | Term Life Insurance Policy<br>American Family Insurance<br>Beneficiary: Michael J. Gibbard<br>Assigned as Collateral to Devon Bank on June 25, 2009 | W | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Michael J. Gibbard IRA<br>FCC as Custodian<br>Account number ending 2465<br>Wells Fargo<br>13308 Village Green Drive<br>Huntley, IL 60142 | H | 23,853.19 |

                                                   Sub-Total >         27,603.19
                                              (Total of this page)

Sheet   __2__   of   __5__   continuation sheets attached
to the Schedule of Personal Property

**B6B (Official Form 6B) (12/07) - Cont.**

In re   Michael J. Gibbard,                                      Case No. _____
        Mary E. Gibbard

                                                    ,
                                    Debtors
# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Michael J. Gibbard IRA FCC as Custodian Account number ending 6544 Wells Fargo 13308 Village Green Drive Huntley, IL 60142 | H | 47,609.03 |
| | | State Street BK & TR Roth IRA - Michael J. Gibbard Account number ending 1731 Columbia Management P.O. Box 8081 Boston, MA 02266-8081 | H | 10,151.66 |
| | | Mary E. Gibbard IRA FCC as Custodian Account number ending 2463 Wells Fargo 13308 Village Green Drive Huntley, IL 60142 | W | 23,426.90 |
| | | Mary E. Gibbard IRA FCC as Custodian Account number ending 2506 Wells Fargo 13308 Village Green Drive Huntley, IL 60142 | W | 26,391.44 |
| | | SNR Denton US LLP Profit Sharing Plan Schwab Retirement Plan Services, Inc. | W | 27,791.41 |
| | | State Street BK & TR Roth IRA - Mary E. Gibbard Account number ending 1749 Columbia Management P.O. Box 8081 Boston, MA 02266-8081 | W | 10,206.40 |
| | | Brunswick Retirement Savings Plan - 092276 Vanguard | W | 46,643.25 |
| | | Boeing Voluntary Investment Plan P.O. Box 5166 Boston, MA 02206 | W | 21,209.06 |
| | | Ferguson Enterprise 401K plan administered by Prudential | H | 163,100.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Boone Lagoon Enterprises LLC | J | Unknown |

Sub-Total >         376,529.15
(Total of this page)

Sheet  3  of  5  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    Michael J. Gibbard,                                          Case No. _____
         Mary E. Gibbard

_____,
                        Debtors

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | | Contingent Beneficiaries under the James R. Gibbard Trust Agreement | J | Unknown |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |

Sub-Total >                    0.00
(Total of this page)

Sheet __4__ of __5__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re     Michael J. Gibbard,                                          Case No. _____
          Mary E. Gibbard,
_____,
                              Debtors

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 Jeep Grand Cherokee Approximately 190,000 miles Value per Kelley Blue Book | J | 7,000.00 |
| | | Motor Vehicle Lease Agreement for 2012 Kia Optima SD Rosen Hyundai of Algonquin, LLC 771 Randall Road Algonquin, IL 60102 | W | 0.00 |
| 26. Boats, motors, and accessories. | | 2006 Crownline 24' Runabout and trailer - inboard | J | 25,000.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Computer Printer Desk Chair Cabinet | J | 3,000.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Cash register | J | 100.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | | Cats | J | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >         35,100.00
(Total of this page)
Total >        446,332.18

Sheet __5__ of __5__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

.

In re    Michael J. Gibbard,                                    Case No. _____
         Mary E. Gibbard
                                                    ,
                          Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                             $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                      *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| 3324 Waukegan Rd. | 735 ILCS 5/12-901 | 30,000.00 | 257,300.00 |
| McHenry, IL 60050 | 750 ILCS 65/22; 765 ILCS 1005/1c; 765 | 0.00 | |
| Current value: $257,300.00 per Zillow | ILCS 1005/2(d); 735 ILCS 5/12-112 | | |
| | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Checking Account - Account number ending 4913 | 735 ILCS 5/12-1001(b) | 2,200.00 | 2,200.00 |
| Chase Bank | | | |
| 4302 W. Elm St. | | | |
| McHenry, IL 60050 | | | |
| | | | |
| Money Market Account (Sweep Account) - Account number ending 2528 | 735 ILCS 5/12-1001(b) | 1,600.00 | 1,600.00 |
| Wells Fargo | | | |
| 13308 Village Green Drive | | | |
| Huntley, IL 60142 | | | |
| | | | |
| Savings Account - Account number ending 2519 | 735 ILCS 5/12-1001(b) | 587.96 | 587.96 |
| Wells Fargo | | | |
| 13308 Village Green Drive | | | |
| Huntley, IL 60142 | | | |
| | | | |
| Savings Account - Account number ending 8516 | 735 ILCS 5/12-1001(b) | 31.68 | 31.68 |
| Baxter Credit Union | | | |
| 340 N. Milwaukee Ave. | | | |
| Vernon Hills, IL 60061 | | | |
| | | | |
| Savings Account - Account number ending 3643 | 735 ILCS 5/12-1001(b) | 180.20 | 180.20 |
| Baxter Credit Union | | | |
| 340 N. Milwaukee Ave. | | | |
| Vernon Hills, IL 60061 | | | |

   _3_   continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/10) -- Cont.

In re    Michael J. Gibbard,            Case No. _____

       Mary E. Gibbard

                                 Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Household Goods and Furnishings | | | |
| Kitchen: | 735 ILCS 5/12-1001(b) | 900.16 | 2,500.00 |
| Dishes | | | |
| Glassware | | | |
| Flatware | | | |
| Cookware | | | |
| Bakeware | | | |
| Blender | | | |
| Coffee maker | | | |
| Juicer | | | |
| Bread machine | | | |
| Mixer | | | |
| Hand mixer | | | |
| Table and chairs | | | |
| China cabinet | | | |
| China | | | |
| Crystal | | | |
| | | | |
| Living Room: | | | |
| Couch | | | |
| 2 recliners | | | |
| Table | | | |
| Rug | | | |
| TV and stand | | | |
| Stereo | | | |
| BluRay | | | |
| Side tables | | | |
| Lamps | | | |
| Bar stools | | | |
| | | | |
| Bedroom #1: | | | |
| Bed | | | |
| Dresser | | | |
| Bed stands | | | |
| Rocker | | | |
| TV | | | |
| | | | |
| Bedroom #2 | | | |
| Bed | | | |
| Desk and chair | | | |
| File cabinet | | | |
| Rocker | | | |
| Printer and stand | | | |
| Crib | | | |
| | | | |
| Loft: | | | |
| Couch | | | |
| Lamp | | | |
| Entertainment center | | | |
| TV | | | |
| VCR | | | |
| Computer hutch and chair | | | |
| Linens | | | |
| Cash register | | | |
| | | | |
| Garage: | | | |
| TV stand | | | |
| Tools | | | |
| Barbeque | | | |

Sheet ___1___ of ___3___ continuation sheets attached to the Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/10) -- Cont.

In re   Michael J. Gibbard,                                          Case No. _____
        Mary E. Gibbard
                                                    ,
                              Debtors
## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Wearing Apparel** | | | |
| Men's and women's clothing, coats and shoes | 735 ILCS 5/12-1001(a) | 100% | 500.00 |
| | | | |
| **Furs and Jewelry** | | | |
| Men's wedding band | 735 ILCS 5/12-1001(b) | 2,500.00 | 2,500.00 |
| Woman's wedding set | | | |
| Assorted semi-precious women's jewelry | | | |
| | | | |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| Michael J. Gibbard IRA | 735 ILCS 5/12-1006 | 100% | 23,853.19 |
| FCC as Custodian | 735 ILCS 5/12-704 | 0.00 | |
| Account number ending 2465 | | | |
| Wells Fargo | | | |
| 13308 Village Green Drive | | | |
| Huntley, IL 60142 | | | |
| | | | |
| Michael J. Gibbard IRA | 735 ILCS 5/12-1006 | 100% | 47,609.03 |
| FCC as Custodian | 735 ILCS 5/12-704 | 0.00 | |
| Account number ending 6544 | | | |
| Wells Fargo | | | |
| 13308 Village Green Drive | | | |
| Huntley, IL 60142 | | | |
| | | | |
| State Street BK & TR Roth IRA - Michael J. | 735 ILCS 5/12-1006 | 100% | 10,151.66 |
| Gibbard | 735 ILCS 5/12-704 | 0.00 | |
| Account number ending 1731 | | | |
| Columbia Management | | | |
| P.O. Box 8081 | | | |
| Boston, MA 02266-8081 | | | |
| | | | |
| Mary E. Gibbard IRA | 735 ILCS 5/12-1006 | 100% | 23,426.90 |
| FCC as Custodian | 735 ILCS 5/12-704 | 0.00 | |
| Account number ending 2463 | | | |
| Wells Fargo | | | |
| 13308 Village Green Drive | | | |
| Huntley, IL 60142 | | | |
| | | | |
| Mary E. Gibbard IRA | 735 ILCS 5/12-1006 | 100% | 26,391.44 |
| FCC as Custodian | 735 ILCS 5/12-704 | 0.00 | |
| Account number ending 2506 | | | |
| Wells Fargo | | | |
| 13308 Village Green Drive | | | |
| Huntley, IL 60142 | | | |
| | | | |
| SNR Denton US LLP Profit Sharing Plan | 735 ILCS 5/12-1006 | 100% | 27,791.41 |
| Schwab Retirement Plan Services, Inc. | 735 ILCS 5/12-704 | 0.00 | |
| | | | |
| State Street BK & TR Roth IRA - Mary E. Gibbard | 735 ILCS 5/12-1006 | 100% | 10,206.40 |
| Account number ending 1749 | 735 ILCS 5/12-704 | 0.00 | |
| Columbia Management | | | |
| P.O. Box 8081 | | | |
| Boston, MA 02266-8081 | | | |
| | | | |
| Brunswick Retirement Savings Plan - 092276 | 735 ILCS 5/12-1006 | 100% | 46,643.25 |
| Vanguard | 735 ILCS 5/12-704 | 0.00 | |

Sheet  __2__  of  __3__  continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6C (Official Form 6C) (4/10) -- Cont.

In re  Michael J. Gibbard,                                    Case No. _____
        Mary E. Gibbard
                                                        ,
                              Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Boeing Voluntary Investment Plan<br>P.O. Box 5166<br>Boston, MA 02206 | 735 ILCS 5/12-1006<br>735 ILCS 5/12-704 | 100%<br>0.00 | 21,209.06 |
| Ferguson Enterprise 401K plan administered by Prudential | 735 ILCS 5/12-1006<br>735 ILCS 5/12-704 | 100%<br>0.00 | 163,100.00 |
| <u>Automobiles, Trucks, Trailers, and Other Vehicles</u><br>2006 Jeep Grand Cherokee<br>Approximately 190,000 miles<br>Value per Kelley Blue Book | 735 ILCS 5/12-1001(c) | 4,800.00 | 7,000.00 |

|  | Total: | 443,682.34 | 674,782.18 |
|---|---|---|---|

Sheet __3__ of __3__ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                              Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    Michael J. Gibbard,                    Case No. _____
         Mary E. Gibbard
_____,
                         Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

      State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

      List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

      If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

      If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

      Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxx-xx6539<br><br>Bank of the West<br>1450 Treat Blvd.<br>Walnut Creek, CA 94597 | | J | 2006 Crownline 24' Runabout and trailer - inboard<br><br><br>Value $      25,000.00 | | | | 41,448.86 | 16,448.86 |
| Account No.<br><br>Devon Bank<br>6445 N. Western Ave.<br>Chicago, IL 60645-5494 | | J | 3324 Waukegan Rd.<br>McHenry, IL 60050<br>Current value: $257,300.00 per Zillow<br><br>Value $      257,300.00 | X | X | X | 142,584.74 | 142,584.74 |
| Account No.<br><br>Ernest D. Simon<br>105 W. Adams St., Suit 1400<br>Chicago, IL 60603 | | | Representing:<br>Devon Bank<br><br><br>Value $ | | | | Notice Only | |
| Account No.<br><br>Small Business Administration<br>801 Tom Martin Dr., Suite 120<br>Birmingham, AL 35211 | | | Representing:<br>Devon Bank<br><br><br>Value $ | | | | Notice Only | |

__2__ continuation sheets attached                        Subtotal              184,033.60       159,033.60
                                            (Total of this page)

B6D (Official Form 6D) (12/07) - Cont.

In re  Michael J. Gibbard,                                    Case No. _____
        Mary E. Gibbard
_____,
                          Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community — H / W / J / C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> Devon Bank <br> 6445 N. Western Ave. <br> Chicago, IL 60645-5494 | | J | 3324 Waukegan Rd. <br> McHenry, IL 60050 <br> Current value: $257,300.00 per Zillow <br><br><br> Value $       257,300.00 | X | X | X | 106,270.14 | 106,270.14 |
| Account No. <br><br> Ernest D. Simon <br> 105 W. Adams St., Suit 1400 <br> Chicago, IL 60603 | | | Representing: <br> Devon Bank <br><br><br> Value $ | | | | Notice Only | |
| Account No. <br><br> Small Business Administration <br> 801 Tom Martin Dr., Suite 120 <br> Birmingham, AL 35211 | | | Representing: <br> Devon Bank <br><br><br> Value $ | | | | Notice Only | |
| Account No. xxxxxx1706 <br><br> Hyundai Motor Finance <br> 10550 Talbert Ave. <br> Fountain Valley, CA 92728 | | H | Motor Vehicle Lease Agreement <br><br> Motor Vehicle Lease Agreement for 2012 Kia Optima SD <br> Rosen Hyundai of Algonquin, LLC <br> 771 Randall Road <br> Algonquin, IL 60102 <br> Value $       0.00 | | | | 16,188.00 | 16,188.00 |
| Account No. xxxxxx3387 <br><br> Met Life Home Loan <br> 4000 Horizon Way, Suite 100 <br> Irving, TX 75063 | | J | Mortgage <br><br> 3324 Waukegan Rd. <br> McHenry, IL 60050 <br> Current value: $257,300.00 per Zillow <br> Value $       257,300.00 | | | | 274,179.26 | 16,879.26 |

Sheet  1  of  2  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)     396,637.40     139,337.40

B6D (Official Form 6D) (12/07) - Cont.

In re    Michael J. Gibbard,                                                          Case No. _____
         Mary E. Gibbard

_____,
                                    Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | | |
| Account No. xxxxx3387 | | | | | | | | | |
| Met Life Home Loan P.O. Box 630148 Irving, TX 75063 | | | | Representing: Met Life Home Loan | | | | Notice Only | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |

Sheet __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | 0.00 | 0.00 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 580,671.00 | 298,371.00 |

B6E (Official Form 6E) (4/10)

In re    Michael J. Gibbard,                                              Case No. _____
         Mary E. Gibbard

                                                            ,
                                    Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____1_____ continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re    Michael J. Gibbard,                                          Case No. _____
         Mary E. Gibbard
                                                                   ,
                                          Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | | | |
| **Account No.**<br><br>Illinois Department of Revenue (p)<br>Bankrupcty Section/Level 7-425<br>100 West Randolph St.<br>Chicago, IL 60606 | | J | | | | | | Unknown | Unknown | Unknown |
| **Account No.**<br><br>Internal Revenue Service (p)<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | | J | | | | | | Unknown | Unknown | Unknown |
| **Account No.** | | | | | | | | | | |
| **Account No.** | | | | | | | | | | |
| **Account No.** | | | | | | | | | | |

| | | |
|---|---|---|
| Sheet  1  of  1  continuation sheets attached to | Subtotal | 0.00 |
| Schedule of Creditors Holding Unsecured Priority Claims | (Total of this page)  0.00 | 0.00 |
| | Total | 0.00 |
| | (Report on Summary of Schedules)  0.00 | 0.00 |

B6F (Official Form 6F) (12/07)

In re      Michael J. Gibbard,                                                    Case No. _____
           Mary E. Gibbard
_____,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. xx81xx | | | | | Medical bills | | | | |
| Ahmad M D Zubair c/o American Collection Corp 919 Estes Ct. Schaumburg, IL 60193 | | H | | | | | | | 96.00 |
| Account No. | | | | | Credit card | | | | |
| American Express P.O. Box 981537 El Paso, TX 79998 | | W | | | | | | | 0.00 |
| Account No. xxxx-xxxx-xxxx-6684 | | | | | Credit card | | | | |
| Baxter Credit Union Visa P.O. Box 8133 Vernon Hills, IL 60061-8133 | | J | | | | | | | 2,900.00 |
| Account No. xxxxxxxxxxxx6684 | | | | | Representing: Baxter Credit Union Visa | | | | Notice Only |
| Baxter Credit Union 340 N. Milwaukee Ave. Vernon Hills, IL 60061 | | | | | | | | | |

|  |  |
|---|---|
| __4__ continuation sheets attached | Subtotal (Total of this page)    2,996.00 |

B6F (Official Form 6F) (12/07) - Cont.

In re    Michael J. Gibbard,
         Mary E. Gibbard

                                                                    Case No. _____

_____,
                              Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxx-xxxx-xxxx-2947 | | | | Credit card | | | | |
| Capital One P.O. Box 30281 Salt Lake City, UT 84130 | | J | | | | | | 0.00 |
| Account No. | | | | Business Lease | | | | |
| Century Properties 3723 W. Elm St. McHenry, IL 60050 | | J | | | | | | 95,939.37 |
| Account No. | | | | Land Improvements | | | | |
| Century Properties 3723 W. Elm St. McHenry, IL 60050 | | J | | | | | | 39,967.92 |
| Account No. xxxx-xxxx-xxxx-9316 | | | | Credit card | | | | |
| Chase P.O. Box 15298 Wilmington, DE 19850 | | J | | | | | | 0.00 |
| Account No. xxxx-xxxx-xxxx-0876 | | | | Overdraft protection | | | | |
| Chase Overdraft Line P.O. Box 24696 Columbus, OH 43224 | | J | | | | | | 0.00 |

Sheet no. _1_ of _4_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                                    Subtotal            135,907.29
                                                    (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re   Michael J. Gibbard,                                          Case No. _____
        Mary E. Gibbard

_____,
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxx0000 | | | Guaranty of Business Debt | | | | |
| Devon Bank 6445 N. Western Ave. Chicago, IL 60645-5494 | | J | | X | X | X | |
| | | | | | | | Unknown |
| Account No. | | | | | | | |
| Ernest D. Simon 105 W. Adams St., Suit 1400 Chicago, IL 60603 | | | Representing: Devon Bank | | | | Notice Only |
| Account No. xxxxx0100 | | | Guaranty of Business Debt | | | | |
| Devon Bank 6445 N. Western Ave. Chicago, IL 60645-5494 | | J | | X | X | X | |
| | | | | | | | Unknown |
| Account No. | | | | | | | |
| Ernest D. Simon 105 W. Adams St., Suit 1400 Chicago, IL 60603 | | | Representing: Devon Bank | | | | Notice Only |
| Account No. xxxx-xxxx-xxxx-9513 | | | Credit card | | | | |
| Discover Bank P.O. Box 15316 Wilmington, DE 19850 | | W | | | | | |
| | | | | | | | 0.00 |

Sheet no. __2__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal                    0.00
(Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re    Michael J. Gibbard,
         Mary E. Gibbard                                                      Case No. _____

_____,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>Home Depot <br>P.O. Box 6497 <br>Sioux Falls, SD 57117 | | J | Credit card <br>Account is inactive | | | | 0.00 |
| Account No. xxx xxx1 271 <br><br>Kohl's <br>P.O. Box 3115 <br>Milwaukee, WI 53201 | | J | Credit card | | | | 0.00 |
| Account No. xx xxx xxx 780 0 <br><br>Macy's <br>P.O. Box 8218 <br>Mason, OH 45040 | | J | Credit card | | | | 0.00 |
| Account No. xxx2108 <br><br>Northern Leasing Systems, Inc. <br>132 W. 31st St., 14th Floor <br>New York, NY 10001-5095 | | J | Credit Card Equipment Lease | | | | 523.18 |
| Account No. <br><br>Sagebrush Building Systems <br>Ventaire LLC <br>P.O. Box 481090 <br>Tulsa, OK 74148 | | J | Building purchase <br>Settlement Agreement and Mutual Release entered on or about July 21, 2009 | | | | 15,800.00 |

Sheet no. __3__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

16,323.18

B6F (Official Form 6F) (12/07) - Cont.

In re    Michael J. Gibbard,
         Mary E. Gibbard
_____,
                                    Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| **Account No.** Michael J. Torchalski 820 Terra Cotta Ave., Suite 207 Crystal Lake, IL 60014 | | | | | Representing: Sagebrush Building Systems | | | | Notice Only |
| **Account No.** xxxx-xxxx-xxxx-4176 Simmons First 501 Main St. Pine Bluff, AR 71601 | | J | | | Credit card | | | | 1,066.02 |
| **Account No.** | | | | | | | | | |
| **Account No.** | | | | | | | | | |
| **Account No.** | | | | | | | | | |

Sheet no. __4___ of __4___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | | 1,066.02 |
| Total (Report on Summary of Schedules) | | 156,292.49 |

B6G (Official Form 6G) (12/07)

In re   Michael J. Gibbard,                                                    Case No. _____
        Mary E. Gibbard

_____,
                              Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature
of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and
complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| Northern Leasing Systems, Inc.<br>132 W. 31st St., 14th Floor<br>New York, NY 10001-5095 | Equipment Finance Lease Agreement<br>Lease for credit card processing equipment<br>Lease expires October, 2013 |
| Ron Bykowski<br>3717 W. Elm St.<br>McHenry, IL 60050 | Commercial Land Lease/Improvements to Land<br>Expires 1/23/15 |
| Rosen Hyundai of Algonquin<br>771 Randall Rd.<br>Algonquin, IL 60102 | 3 year, 36,000 mile Kia Optima Lease incurred April 2012<br>Lease expires March 2015 |

_____0_____

_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re   Michael J. Gibbard,                                    Case No. _____
        Mary E. Gibbard
_____,
                        Debtors

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed
by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state,
commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or
Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of
any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used
by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

0
_____ continuation sheets attached to Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re   Michael J. Gibbard
Mary E. Gibbard
Debtor(s)

Case No. _____

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S): None. | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Sales | Manager |
| Name of Employer | Ferguson Enterprises, Inc. | SNR Denton US LLP |
| How long employed | 21 years | 3.5 years |
| Address of Employer | 515 Factory Rd. Addison, IL 60101 | 233 S. Wacker Dr. Chicago, IL 60606-6306 |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 9,484.86 | $ | 8,779.52 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 9,484.86 | $ | 8,779.52 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 2,024.46 | $ | 1,932.80 |
| b. Insurance | $ | 44.59 | $ | 656.06 |
| c. Union dues | $ | 0.00 | $ | 0.00 |
| d. Other (Specify)   See Detailed Income Attachment | $ | 1,377.50 | $ | 761.78 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 3,446.55 | $ | 3,350.64 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 6,038.31 | $ | 5,428.88 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 6,038.31 | $ | 5,428.88 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | 11,467.19 | | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
Uncertain at this time.

**B6I (Official Form 6I) (12/07)**

In re   Michael J. Gibbard                                       Case No.

Mary E. Gibbard

Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Detailed Income Attachment

**Other Payroll Deductions:**

| | | | | |
|---|---|---|---|---|
| ESOP | $ | 200.00 | $ | 0.00 |
| Long Term Disability | $ | 12.72 | $ | 0.00 |
| 401(k) | $ | 1,164.78 | $ | 526.78 |
| Commute | $ | 0.00 | $ | 235.00 |
| **Total Other Payroll Deductions** | $ | 1,377.50 | $ | 761.78 |

B6J (Official Form 6J) (12/07)

In re    Michael J. Gibbard        Mary E. Gibbard               Case No. _____

                                Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,422.00 |
|    a. Are real estate taxes included?    Yes  X     No ___ | | |
|    b. Is property insurance included?    Yes ___    No  X  | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 350.00 |
|            b. Water and sewer | $ | 100.00 |
|            c. Telephone | $ | 175.00 |
|            d. Other   See Detailed Expense Attachment | $ | 250.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 550.00 |
| 4. Food | $ | 1,000.00 |
| 5. Clothing | $ | 250.00 |
| 6. Laundry and dry cleaning | $ | 125.00 |
| 7. Medical and dental expenses | $ | 775.00 |
| 8. Transportation (not including car payments) | $ | 800.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 500.00 |
| 10. Charitable contributions | $ | 100.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|            a. Homeowner's or renter's | $ | 60.00 |
|            b. Life | $ | 75.00 |
|            c. Health | $ | 0.00 |
|            d. Auto | $ | 175.00 |
|            e. Other   Umbrella and boat | $ | 175.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|            (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|            a. Auto | $ | 329.60 |
|            b. Other   Boat loan | $ | 450.00 |
|            c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other   See Detailed Expense Attachment | $ | 2,791.66 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 11,453.26 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.    Average monthly income from Line 15 of Schedule I | $ | 11,467.19 |
| b.    Average monthly expenses from Line 18 above | $ | 11,453.26 |
| c.    Monthly net income (a. minus b.) | $ | 13.93 |

**B6J (Official Form 6J) (12/07)**

In re    Michael J. Gibbard
      Mary E. Gibbard                     Case No. _____
                           Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---:|
| Cable | $ | 200.00 |
| Garbage | $ | 50.00 |
| **Total Other Utility Expenditures** | $ | 250.00 |

**Other Expenditures:**

| | | |
|---|---|---:|
| Contributions to IRA | $ | 966.66 |
| Vet bills for cats | $ | 100.00 |
| Boat upkeep and maintenance | $ | 200.00 |
| Gas for boat | $ | 200.00 |
| Homeowners' Association dues | $ | 150.00 |
| House cleaning | $ | 250.00 |
| Daughter's household expenses | $ | 550.00 |
| Monthly train pass and parking | $ | 375.00 |
| **Total Other Expenditures** | $ | 2,791.66 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
### Northern District of Illinois

In re    Michael J. Gibbard
       Mary E. Gibbard

                                     Debtor(s)

Case No.

Chapter    7

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

      I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   29   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    December 11, 2012                Signature    /s/ Michael J. Gibbard
                                                         Michael J. Gibbard
                                                         Debtor

Date    December 11, 2012                Signature    /s/ Mary E. Gibbard
                                                         Mary E. Gibbard
                                                          Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Northern District of Illinois

In re    Michael J. Gibbard      Mary E. Gibbard              Case No. _____

Debtor(s)      Chapter    7

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $100,679.00 | 2010 |
| | joint gross income from employment  $182,089.00 |
| | taxable interest  $32.00 |
| | ordinary dividends  $63.00 |
| | business income/loss -$78,505.00 |
| | capital gain/loss  -$3,000.00 |

| AMOUNT | SOURCE |
|---|---|
| $180,074.00 | 2011 |
| | joint gross income from employment $186,505.00 |
| | taxable interest  $14.00 |
| | ordinary dividends  $263.00 |
| | taxable refunds, credits or offsets of state and local income taxes  $3,163.00 |
| | business income/loss  -$3,302.00 |
| | capital gain/loss  -$335.00 |
| | other gains/losses  -$6,234.00 |
| $210,586.00 | 2012 YTD joint gross income from employment (through November 30, 2012) |

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $80,880.00 | 2010 IRA distributions |

### 3. Payments to creditors

None ■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| Met Life Home Loan 4000 Horizon Way, Suite 100 Irving, TX 75063 | September, 2012 October, 2012 November, 2012 | $7,266.00 | $274,179.26 |

None ■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Devon Bank v. Boone Lagoon Enterprises, LLC, et al. Case No. 12 L 5728 | | Circuit Court of Cook County, Illinois, County Department, Law Division | Pending |

None
■   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5.  Repossessions, foreclosures and returns**

None
■   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6.  Assignments and receiverships**

None
■   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7.  Gifts**

None
☐   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| St. Mary Catholic Church McHenry, IL 60050 | | Weekly contribution | $100.00 per month |

4

**8.  Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.  Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Ralph, Schwab & Schiever, Chtd. | 6/20/12 | $1,000.00 partial retainer |
| 175 E. Hawthorn Parkway | 7/3/12 | payment for debt counseling |
| Suite 345 | | $2,000.00 partial retainer |
| Vernon Hills, IL 60061 | | payment for debt counseling |

**10.  Other transfers**

None
☐

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Michael and Mary Gibbard | 7/12/12 | Ferguson stock sold on July 12, 2012 |
| 3324 Waukegan Rd. | | Net proceeds: $2,907.83 |
| McHenry, IL 60050 | | |
| Michael and Mary Gibbard | 6/18/12 | Ferguson stock sold on June 18, 2012 |
| 3324 Waukegan Rd. | | Net proceeds: $11,011.15 |
| McHenry, IL 60050 | | |
| Michael and Mary Gibbard | 7/10/12 | Brunswick stock sold on July 10, 2012 |
| 3324 Waukegan Rd. | | Net proceeds: $1,010.46 |
| McHenry, IL 60050 | | |
| Michael and Mary Gibbard | July 10, 2012 | Boeing stock sold on July 10, 2012 |
| 3324 Waukegan Rd. | | Net proceeds: $804.39 |
| McHenry, IL 60050 | | |

None
■

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

5

**11.  Closed financial accounts**

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Consumers Credit Union<br>195 E. Illinois Route 120<br>Volo, IL 60020 | Savings account<br>Account number ending 249 | Amount: $1,925.00<br>Closed: June, 2012 |

**12.  Safe deposit boxes**

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None ■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None ■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.  Prior address of debtor**

None ■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16.  Spouses and Former Spouses**

None ■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☐    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Boone Lagoon Enterprises, LLC | 26-0329660 | 3324 Waukegan Rd. McHenry, IL 60050 | Coffee sales | October 2009 to June 2010 |

None
■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☐   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Jim Gioia, CPA<br>30 N. Walkup Ave.<br>Crystal Lake, IL 60014-4318 | |

None
☐   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| Jim Gioia, CPA | 30 N. Walkup Ave.<br>Crystal Lake, IL 60014-4318 | |

None
☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Jim Gioia, CPA | 30 N. Walkup Ave.<br>Crystal Lake, IL 60014-4318 |
| Mary Gibbard | 3324 Waukegan Rd.<br>McHenry, IL 60050 |

None
☐   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| Devon Bank<br>6445 N. Western Ave.<br>Chicago, IL 60645-5494 | 11/23/09 |

### 20. Inventories

None
■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None
■   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

8

### 21 . Current Partners, Officers, Directors and Shareholders

None
■
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
■
b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

### 22 . Former partners, officers, directors and shareholders

None
■
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■
b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

### 23 . Withdrawals from a partnership or distributions by a corporation

None
■
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None
■
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

### 25. Pension Funds.

None
■
If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  December 11, 2012                      Signature   /s/ Michael J. Gibbard
                                                         Michael J. Gibbard
                                                         Debtor


Date  December 11, 2012                      Signature   /s/ Mary E. Gibbard
                                                         Mary E. Gibbard
                                                         Joint Debtor


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re   Michael J. Gibbard
        Mary E. Gibbard
                                                            Case No.
                                    Debtor(s)               Chapter    7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>-NONE- | **Describe Property Securing Debt:** |

Property will be (check one):
☐ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt              ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>Rosen Hyundai of Algonquin | **Describe Leased Property:**<br>3 year, 36,000 mile Kia Optima Lease incurred April 2012<br>Lease expires March 2015 | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES      ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   December 11, 2012          Signature   /s/ Michael J. Gibbard
                                               Michael J. Gibbard
                                               Debtor

Date   December 11, 2012          Signature   /s/ Mary E. Gibbard
                                               Mary E. Gibbard
                                               Joint Debtor

# United States Bankruptcy Court
### Northern District of Illinois

In re   Michael J. Gibbard
        Mary E. Gibbard

Case No. _____

                                    Debtor(s)      Chapter      7

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $ 3,000.00 |
| Prior to the filing of this statement I have received | $ 3,000.00 |
| Balance Due | $ 0.00 |

2.   $ 0.00 of the filing fee has been paid.

3.   The source of the compensation paid to me was:

■ Debtor    ☐ Other (specify):

4.   The source of compensation to be paid to me is:

■ Debtor    ☐ Other (specify):

5.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.   [Other provisions as needed]
        Exemption advice.

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
Any other matters which may arise in the case, including for example, but not limited to, i) objections to exemptions, ii) any adversary proceedings, including without limitation, objections to discharge and/or complaints to determine dischargeability of debt, iii) United States Trustee's office compliance inquiries and enforcement proceedings, iv) Rule 2004 Examinations, v) proceedings or actions to obtain documents or information from creditors or third parties by either voluntary request, compulsory process or non-judicial or judicial proceedings, vi) any matters requiring legal services in non-bankruptcy law practice areas, vii) judicial or non-judicial proceedings in a venue and/or forum other than the United States Bankruptcy Court, viii) relief from stay actions, ix) preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods, x) tax or related accounting services, xi) estate planning, xii) civil or criminal litigation.

---

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   December 11, 2012

/s/ David J. Schwab
David J. Schwab 6204333
Ralph, Schwab & Schiever, Chartered
175 East Hawthorn Parkway
Suite 345
Vernon Hills, IL 60061
847-367-9699  Fax: 847-367-9621

---

# Ralph, Schwab & Schiever, Chartered
## Attorneys at Law

Michael L. Ralph, Sr.
David J. Schwab
Carey J. Schiever
Michael L. Ralph, Jr.
Joel H. Norton
Sharanya Gururajan

**175 East Hawthorn Parkway**
**Suite 345**
**Vernon Hills, Illinois  60061**
**(847) 367-9699**
Fax: (847) 367-9621
E-mail: djschwab@rss-chtd.com

Chicago Address:

**(Please send mail to
to Vernon Hills)**
39 S. LaSalle Street, Suite 605
Chicago, IL  60603
(312) 641-6696

June 8, 2012

**Via First Class U.S. Mail and
E-mail to mmgibbard@comcast.net**

Michael and Mary Gibbard
3324 Waukegan Rd.
McHenry, IL 60050

Re:   Gibbard/BK
Advance Payment Retainer
Our File No.: 12-1125

Dear Mickey and Mary:

This letter will confirm your limited engagement of Ralph, Schwab & Schiever, Chartered (the "Firm") and the basis upon which the Firm will represent you.  It is the Firm's understanding that subject to and in accordance with the Firm's "Standard Terms of Engagement for Legal Services," the Firm is to represent you, individually, in connection with your filing of a Chapter 7 Bankruptcy case in the United States Bankruptcy Court, Northern District of Illinois, Eastern Division.

1.    Services to be Rendered.  Our services will include consultation concerning bankruptcy and creditor's rights, preparation of all pleadings necessary to commence the case; and with your assistance, the preparation of both the Bankruptcy Schedules and Statement of Financial Affairs; attendance at the initial session of the Section 341 Meeting of Creditors and the initial session of a discharge hearing (if required), and routine hearings for reaffirmation and lien avoidance.

2.    Exclusion from Services.  Our services  will not include any other matters which may arise in the case, including for example, but not limited to, representing you in connection with:  i) objections to exemptions, ii) objections to discharge, iii) complaints to determine dischargeability of debts, iv) United States Trustee's office compliance inquiries and enforcement proceedings, v) Rule 2004 Examinations, vi) proceedings or actions to obtain documents or information from

251521_1:12-1125

Michael and Mary Gibbard
Page 2
June 8, 2012

creditors or third parties by either voluntary request or compulsory process, viii)
any matters requiring legal expertise in non-bankruptcy law practice areas, ix)
adversary proceedings, if any, or x) judicial or non-judicial proceedings in a
venue other than the bankruptcy court. Our representation in any matters arising
and not covered by this engagement agreement will be subject to a separate
engagement agreement. Unless we enter into a separate engagement
agreement in writing, it is expressly understood that this engagement agreement
does not obligate the Firm in any way to represent you in any other matters other
than described in paragraph number one above.

        3.    The Attorney's Fees. The Firm has agreed to represent you for a
reasonable fee based upon the experience of the attorneys and paralegals
handling the matter and calculated upon the attorneys' and paralegal's hourly
time involved in handling the matter. At the present time, my hourly rate is
$325.00. The hourly rate for Michael L. Ralph, Sr., is $335.00. The hourly rate
for Carey J. Schiever is $335.00. The hourly rate for Michael L. Ralph, Jr.
is $275.00. The hourly rate of associates of the firm is $225.00 per hour, and the
current rate for paralegal's time is $150.00 per hour. We will inform you on our
billing invoices of any change in the hourly rate of any personnel assisting with
your representation.

        Before proceeding further on your behalf, we would ask that you pay this
firm an Advance Payment Retainer in the amount of $3,000.00 plus the sum of
$306.00 for the filing fee for the above-referenced services. Both *Dowling v.
Chicago Options Associates, Inc. et al.,* 226 Ill.3d 277, 875 N.E.2s 1012 (2007),
and the revised Illinois Rules of Professional Conduct of 2010 provide that an
agreement for an Advance Payment Retainer shall be in writing signed by the
client that uses the term "Advance Payment Retainer" to describe the retainer,
and states the following:

        (1)    the special purpose for the Advance Payment Retainer and an
explanation why it is advantageous to the client;

        (2)    that the Advance Payment Retainer will not be held in a client trust
account, that it will become the property of the lawyer upon payment, and that it
will be deposited in the lawyer's general account;

        (3)    the manner in which the Advance Payment Retainer will be applied
for services rendered and expenses incurred;

        (4)    that any portion of the Advance Payment Retainer that is not
earned or required for expenses will be refunded to the client; and

        (5)    that the client has the option to employ a security retainer,
provided, however, that if the lawyer is unwilling to represent the client without

2

Michael and Mary Gibbard
Page 3
June 8, 2012

receiving an Advance Payment Retainer, the agreement must so state and
provide the lawyer's reasons for that condition.

An Advance Payment Retainer is treated as income upon receipt by our
firm, deposited into our firm's operating account, and is not held in our firm's
client trust account. An Advance Payment Retainer is not considered our clients'
property. Accordingly, an Advance Payment Retainer is protected against claims
of our clients' creditors. This feature of an Advance Payment Retainer
constitutes a special purpose for its use in your case, and for this reason it is
advantageous to you.

Alternatively, a Security Retainer is deposited into our firm's client trust
account, and is not treated as income or property of our firm until the funds are
applied toward outstanding invoices. The funds paid to a lawyer pursuant to a
Security Retainer are not present payment for future services. This means that a
Security Retainer is considered our clients' property, and is not protected from
our clients' creditors.

For the reasons stated above, our firm is only willing to represent you on
an Advance Payment Retainer basis.

We will endeavor to send a bill to you on a monthly basis unless services
performed during the prior month are minimal. Detailed time records will, of
course, be available for your inspection. Any expenses incurred and
disbursements made by us on your behalf will be payable by you in addition to
our fees and will be billed with the fee invoices.

4.     Costs and Expenses. It is understood that the above attorneys'
fees do not include fees, costs and expenses for outside services and assistance
such as: Chapter 7 filing fees (the filing fee is $306.00), deposition costs,
reasonable charges for travel expenses, food and lodging outside of Chicago,
Illinois, long distance telephone calls, photocopy expenses, appraisers, expert
witnesses, investigators, associate counsel, accountants, and financial analysts.
If any such fees, costs or expenses are to be incurred, and to the extent possible
under the circumstances it will be by prior agreement with you. You shall be
responsible for payment for all such amounts. These costs and expenses will be
billed with the fee invoices.

5.     Payment of Credit Report for Bankruptcy Due Diligence. Our firm
may elect to obtain a credit report in order to ensure bankruptcy due diligence
when preparing your bankruptcy schedules. In doing so, you will be asked to
review and complete a Consumer Authorization and Release form which
authorizes our firm to obtain consumer report/credit information from First
American Credco, a service that combines the reporting efforts of Expirian,
TransUnion and Equifax credit reporting bureaus. Credit reports will be obtained
in an effort to ensure that all creditors and collection agencies are aware of your

3

Michael and Mary Gibbard
Page 4
June 8, 2012

bankruptcy, and ultimately, to provide you with assurance that such debts will discharged. It is your responsibility to review and verify the accuracy of any debts appearing on your credit report. Additionally, if any debt appears on the credit report that you have an interest in reaffirming, we may attempt to obtain a reaffirmation agreement from such creditor on your behalf.

You will be responsible for the fees required to obtain the credit report. Individual debtor credit reports are $28.00. Joint debtor credit reports are $48.00.

6.      Payment of Fees and Cost. In the event our arrangement is based upon hourly billing, on a periodic basis, the Firm will submit to you itemized statements of services rendered setting forth the date, description of such service, time spent in rendering such service, name of attorney, legal assistant, or other staff member rendering such service, and the hourly rate therefore, together with an itemization of all expenses incurred or paid. All of such charges shall be credited against the retainer fee paid. All fees and expenses shall first be charged against our retainer. In the event our total fees and expenses are less than our retainer, we will refund the difference to you, without interest. In the event there are insufficient funds remaining in the retainer, you shall pay the Firm all such fees, costs and expenses upon submission by the Firm of its monthly billing statement. All payments of fees and costs that are billed are due and payable within thirty (30) days after the billing date. The Firm also reserves the right to request an additional retainer. Timely payment of the fees costs and expenses are your personal obligation.

7.      Amendments to Schedules. Creditors who are not listed in the Bankruptcy Schedules may not be discharged in the bankruptcy case. It is your duty to provide a complete and accurate listing of all creditors. The Firm will rely upon this list and cannot conduct an independent investigation of the names and addresses of your creditors. A debtor has the right to amend his or her Bankruptcy Schedules at any time up to the discharge of a debtor. The Firm will prepare any amendments to the Bankruptcy Schedules (i.e. to add creditors, to add or change values of property, to change exemptions on property, etc.) at an additional hourly charge per professional rendering such service together with any filing fee required for the amendment.

8.      Bankruptcy Case. When the bankruptcy petition is filed, an automatic stay will take effect which prohibits most creditors from taking any action to collect their claims or enforce their liens outside of the bankruptcy court without obtaining leave from the bankruptcy court to do so. For example, most creditors are not allowed to file suit against you, nor foreclose upon or repossess any of your property without obtaining leave from the bankruptcy court to do so. It is essential, of course, that our office be told of any threatened lawsuits, foreclosures, or repossessions, as well as all pending lawsuits, foreclosures or

4

Michael and Mary Gibbard
Page 5
June 8, 2012

repossessions or other actions so that we can make sure that the creditors and their attorneys are notified.

It is your desire to obtain the most complete debt discharge which can be obtained under the facts of your case and applicable law. We have advised you that some debts are not capable of discharge, and we discussed the general nature of the non-dischargeable debts which arise most frequently. We cannot state whether your debts will be discharged. In addition, some of your property may be subject to a lien or security interest. It will be necessary to pay these debts in order to retain such property, unless the lien or security interest can be avoided, in part or whole. Consistent with our engagement, we will advise you with respect to reaffirmation agreements and avoidance issues.

9.     Miscellaneous. This engagement agreement, including our attached "Standard Terms of Engagement for Legal Services", is the sole and exclusive agreement covering the Firm's representation. Any modification of this engagement agreement must be in writing, signed by you and an authorized attorney of the Firm.

It is understood that we do not guarantee the accomplishment of any result, but agree to give our best efforts on your behalf.

As the matter of our representation included in this engagement agreement involves bankruptcy, this engagement agreement is subject to modification and/or review by the bankruptcy court.

In the event of any litigation concerning this engagement agreement, the prevailing party shall be entitled to attorneys' fees as a part of its damages.

10.     Agreement to Terms and Conditions. We trust that this engagement agreement is not unduly complicated. From our experience, legal matters are complicated by nature. The purpose of this engagement agreement is to set forth the essential terms and conditions of our engagement in writing, so that both parties have a full understanding. If any of the above is not clear, please advise.

The Firm looks forward to working with you in the future. If this letter represents your understanding of the attorneys' fee and cost arrangements, please sign a copy of this engagement agreement and return it to our office. Our representation of you does not begin until this engagement agreement is signed by you and the agreed retainer paid to the Firm in collected funds.

251521_1:12-1125

2012-Jun-20 01:21 PM FERGUSON HTG & CLG 630-458-1562

SNR Denton CDT        6/20/2012 1:01:02 PM  PAGE   3/003   Fax Server

Michael and Mary Gibbard
Page 6
June 8, 2012

The undersigned clients acknowledge that they have read the above
engagement agreement, fully understand its contents, and agree to its terms and
conditions.

Very truly yours,

RALPH, SCHWAB & SCHIEVER, CHTD.

David J. Schwab

DJS/jmt

Enclosure:   Standard Terms of Engagement for Legal Services

**The undersigned, Michael Gibbard and Mary Gibbard, hereby acknowledge
and agree to the terms of the retainer letter to which this acknowledgment
is attached, including the Standard Terms of Engagement For Legal
Services which are attached hereto and made a part hereof.**

By: _____    By: _____
     Michael Gibbard                    Mary Gibbard

Dated: _____6/20/12_____    Dated: _____

6

251521_1:12-1125

Michael and Mary Gibbard
Page 6
June 8, 2012

The undersigned clients acknowledge that they have read the above engagement agreement, fully understand its contents, and agree to its terms and conditions.

Very truly yours,

RALPH, SCHWAB & SCHIEVER, CHTD.

David J. Schwab

DJS/jmt

Enclosure:    Standard Terms of Engagement for Legal Services

**The undersigned, Michael Gibbard and Mary Gibbard, hereby acknowledge and agree to the terms of the retainer letter to which this acknowledgment is attached, including the Standard Terms of Engagement For Legal Services which are attached hereto and made a part hereof.**

By: _____       By: _*Maryl Gibbard*_

Michael Gibbard                                   Mary Gibbard

Dated: _____       Dated: ____6/20/12____

251521_1:12-1125

Michael and Mary Gibbard
Page 7
June 8, 2012

## STANDARD TERMS OF ENGAGEMENT FOR LEGAL SERVICES

1.     Scope and Assignment of Duties.  The scope of our duties will encompass the matters referred to in the accompanying engagement letter and any future matters for which we may be engaged.  We will endeavor to assign those lawyers and staff personnel needed to perform the services you desire on an effective and cost efficient basis.

2.     Charges.  We will charge for services based upon an hourly basis for services rendered and the reasonable value of those services.   Other factors impact the amount of hourly time spent providing such services including the time limitations imposed by you or the circumstances, the novelty and difficulty of the questions, the amount involved, and other similar considerations.  At the present time our hourly rates for attorneys range from $395.00 to $225.00 and are subject to change from time to time.  Where appropriate, we will attempt to use paralegal services which are billed at substantially lower rates than those of attorneys.  We will expect reimbursement for out of pocket costs on your behalf, including but not limited to delivery charges, copying or producing documents, filing fees, deposition and transcription costs, witness fees, travel expenses, secretarial overtime and the like.  These costs will be itemized on your invoices.

3.     Standard Billing and Payment Procedures.  We normally bill on a monthly basis unless the services performed during the prior month are minimal in amount or other circumstances dictate a different periodic billing.  Payment for attorneys' fees and out of pocket disbursements is due within thirty (30) days after receipt of our bill.  We reserve the right to charge interest on accounts which are past due at the rate of nine percent (9%) per annum.

If you have paid a retainer, it will be applied as a credit against our first billings.

4.     Withdrawal and Termination.  You may terminate our engagement for any reason whatsoever upon written notice to us.  Upon termination and upon payment of our fees, we will deliver to you such papers and property as you request, but we will retain our own files.  You will be expected to pay the costs of copying and of delivery.  Termination of our services will not affect your responsibility to pay for legal services rendered and all out of pocket disbursements up to the date of termination.

We may terminate our engagement for any of the reasons permitted under the "Illinois Rules of Professional Conduct" including, without limitation, your failure to disclose material facts or misrepresentations by you, or any other conduct or situation which, in our judgment, impairs an effective attorney client relationship or conflicts with our professional responsibilities or your failure to pay our charges.

7

251521_1:12-1125

Michael and Mary Gibbard
Page 8
June 8, 2012

5.     Review of Statements.  To minimize the likelihood of errors or misunderstandings, you agree you will review each statement promptly and advise us of any questions or disagreements you may have regarding it.  Absent such advice within thirty (30) days after the rendering of the statement, it is understood and agreed that you will be deemed to have reviewed the bill and accepted it as correct.

6.     Collection Procedures and Dispute Resolution.  In the event of non-payment, it is our custom to seek alternative dispute resolution via either mediation or arbitration.  If such efforts do not resolve the non-payment issues satisfactorily, it is our custom to refer the matter to other attorneys for collection. If we do so or if we institute proceedings ourselves, or if you do so or initiate proceedings yourself, the party who prevails in such proceedings shall be entitled to recover costs, expenses, and reasonable attorneys fees.

7.     Enforceability.  If any provision of the accompanying letter or these Standard Terms of Engagement for Legal Services is deemed invalid, illegal or unenforceable, it shall not affect any of the remaining provisions thereof.

8.     Document Retention.  Wherever possible, we ask that you provide us with legible copies of documents, and retain all original documents in your own files.  We will, if necessary, specifically request original documents, but in all other instances, legible copies will suffice.  We will notify you when we are closing your file and sending it to our off-site storage facility.  It is your responsibility to ensure that you obtain all documents that you want from your file prior to the documents being sent to our off-site storage facility.  After your file is transferred to an off-site storage facility, it will be maintained for a period of up to five (5) years.  During that time, the file may be retrieved, at your cost, to obtain materials contained in that file.  At the expiration of five (5) years after your file has been closed, your file, and all of its contents, will be destroyed, and the documents in that file will no longer be available to you or us.

9.     Questions.  Whenever you have any questions or comments regarding our services or the status of your matters, please do not hesitate to contact the attorney with whom you are working.  We encourage your comments, questions or suggestions, all of which enable us to serve you more efficiently and to enhance our working relationship.

10.    Your Consent.  Your signature to the accompanying letter will indicate your understanding and agreement to the terms set forth above.

8

B 201A (Form 201A) (11/11)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   Michael J. Gibbard
Mary E. Gibbard
_____
Debtor(s)

Case No. _____

Chapter   7

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

Michael J. Gibbard
Mary E. Gibbard
_____
Printed Name(s) of Debtor(s)

Case No. (if known) _____

X   /s/ Michael J. Gibbard         December 11, 2012
_____
Signature of Debtor                Date

X   /s/ Mary E. Gibbard            December 11, 2012
_____
Signature of Joint Debtor (if any)   Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Northern District of Illinois

In re    Michael J. Gibbard
         Mary E. Gibbard                                    Case No. _____
                                      Debtor(s)             Chapter    7

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____  27

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.


Date:  December 11, 2012              /s/ Michael J. Gibbard
                                      Michael J. Gibbard
                                      Signature of Debtor

Date:  December 11, 2012              /s/ Mary E. Gibbard
                                      Mary E. Gibbard
                                      Signature of Debtor

.

Ahmad M D Zubair
c/o American Collection Corp
919 Estes Ct.
Schaumburg, IL 60193


American Express
P.O. Box 981537
El Paso, TX 79998


Bank of the West
1450 Treat Blvd.
Walnut Creek, CA 94597


Baxter Credit Union
340 N. Milwaukee Ave.
Vernon Hills, IL 60061


Baxter Credit Union Visa
P.O. Box 8133
Vernon Hills, IL 60061-8133


Capital One
P.O. Box 30281
Salt Lake City, UT 84130


Century Properties
3723 W. Elm St.
McHenry, IL 60050


Chase
P.O. Box 15298
Wilmington, DE 19850


Chase Overdraft Line
P.O. Box 24696
Columbus, OH 43224


Devon Bank
6445 N. Western Ave.
Chicago, IL 60645-5494


Discover Bank
P.O. Box 15316
Wilmington, DE 19850

Ernest D. Simon
105 W. Adams St., Suit 1400
Chicago, IL 60603

Home Depot
P.O. Box 6497
Sioux Falls, SD 57117

Hyundai Motor Finance
10550 Talbert Ave.
Fountain Valley, CA 92728

Illinois Department of Revenue (p)
Bankrupcty Section/Level 7-425
100 West Randolph St.
Chicago, IL 60606

Internal Revenue Service (p)
P.O. Box 7346
Philadelphia, PA 19101-7346

Kohl's
P.O. Box 3115
Milwaukee, WI 53201

Macy's
P.O. Box 8218
Mason, OH 45040

Met Life Home Loan
4000 Horizon Way, Suite 100
Irving, TX 75063

Met Life Home Loan
P.O. Box 630148
Irving, TX 75063

Michael J. Torchalski
820 Terra Cotta Ave., Suite 207
Crystal Lake, IL 60014

Northern Leasing Systems, Inc.
132 W. 31st St., 14th Floor
New York, NY 10001-5095

Ron Bykowski
3717 W. Elm St.
McHenry, IL 60050


Rosen Hyundai of Algonquin
771 Randall Rd.
Algonquin, IL 60102


Sagebrush Building Systems
Ventaire LLC
P.O. Box 481090
Tulsa, OK 74148


Simmons First
501 Main St.
Pine Bluff, AR 71601


Small Business Administration
801 Tom Martin Dr., Suite 120
Birmingham, AL 35211